IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EDWARD WOMACK,

    Petitioner,

vs.                                    No. 06-2218-B/P

BRUCE PEARSON,

    Respondent.

---

ORDER DENYING MOTION FOR AN EXTENSION OF TIME
ORDER DENYING AS MOOT MOTION TO EXPEDITE
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Petitioner Edward Womack, Bureau of Prisons ("BOP")
inmate registration number 03226-025, who was, at the time he
commenced this action, an inmate at the Federal Prison Camp in
Millington, Tennessee ("FPC-Millington"),[1] filed a pro se petition
pursuant to 28 U.S.C. § 2241 on April 11, 2006. (Docket Entry
("D.E.") 1.) The Court issued an order on April 18, 2006 directing
Petitioner to file an in forma pauperis affidavit or pay the habeas
filing fee within thirty (30) days. Petitioner timely paid the
habeas filing fee on May 10, 2006.[2] On May 12, 2006, the Court

---

    [1]    Respondent refers to this institution as the Satellite Prison Camp
("SCP") of the Federal Correctional Institution ("FCI") in Memphis, Tennessee.

    [2]    Petitioner also filed a document expressing his intention to pay the
filing fee (D.E. 3) and a document indicating the fee had been paid (D.E. 5).
(continued...)

issued an order directing Respondent to file a response to the petition. On June 9, 2006, Respondent filed his response to the petition (entitled a response to an order to show cause) (D.E. 8), and Respondent filed a corrected version of one exhibit on July 19, 2006 (D.E. 11). Petitioner submitted a reply in support of his petition, entitled "Petitioner's Motion to Oppose by Contrary Proof and Refute the Government's Response to Order to Show Cause Why Writ of Habeas Corpus Should Not Be Granted" (D.E. 10), on July 5, 2006.[3] On July 26, 2006, Respondent filed a sur-reply, entitled "Governments' Response Opposing 'Motion to Oppose by Contrary Proof and Refute the Government's Response to Order to Show Cause Why Writ of Habeas Corpus Should Not Be Granted." (D.E. 12.) On August 7, 2006, Petitioner filed a further reply, entitled "Petitioners' Reply Opposing the Governments' Unconventional Second Responsive Pleading" (D.E. 13), and, on August 18, 2006, Petitioner presented a document, entitled "Judicial Notice" (D.E. 14), which appears to concern another petition pursuant to 28 U.S.C. § 2241 filed by Womack that is pending before another judge, Womack v. Bureau of Prisons, et al., No. 06-2349-Ma/V (W.D. Tenn.). This Court has no

_____

[2]      (...continued)
Although D.E. 5 is entitled a "supplemental pleading," it does not contain any facts or argument germane to the substantive issue presented in the petition.

[3]      On June 16, 2006, Petitioner filed a motion seeking an extension of time to submit his reply. (D.E. 9.) There is no rule that gives a § 2241 petitioner an automatic right to file a reply or dictates the time for submission of any reply. The motion is DENIED as unnecessary, and the material submitted by Petitioner will be considered.

authority to consider any matter pertaining to a case assigned to
another judge. The Court notes, however, that Womack has apparently
been accepted into the Residential Drug Abuse Program ("RDAP") at
issue in this petition. Finally, on August 30, 2006, Womack filed
a motion seeking an expedited ruling on this matter. (D.E. 15.) In
light of the issuance of this order, that motion is DENIED as moot.

In this petition, Womack contends that he is entitled to
placement in the BOP's Residential Drug Abuse Treatment Program
notwithstanding the BOP's position that only inmates within thirty-
six (36) months of their scheduled release dates are eligible and,
apparently, notwithstanding any waiting list for entry into the
program. Womack further argues he is entitled to an earlier release
date upon successful completion of the RDAP.

For purposes of this motion, the following facts appear
to be undisputed:[4]

1. Womack has two criminal convictions in the
United States District Court for the Southern District of
Illinois. He pleaded guilty to being a felon in
possession of a firearm, in violation of 18 U.S.C. §
922(g)(1), and was sentenced to a term of fifteen (15)
months imprisonment, to be followed by a three-year term
of supervised release. (Declaration of Briant Ennis,
dated June 2, 2006("Ennis Decl.," at D.E. 8-2), at Att.
A.[5]) He subsequently pled guilty to conspiracy to
distribute cocaine and cocaine base, in violation of 21
U.S.C. §§ 841(a)(1), and was sentenced to two hundred

---

[4]    For the sake of clarity, the Court has added a factual finding
pertaining to Womack's criminal judgments and a factual finding pertaining to his
1996 application to the RDAP program.

[5]    The judgment in United States v. Womack, No. 3:94CR30094-001 (S.D.
Ill.), was entered on May 16, 1995.

(200) months of imprisonment, to run concurrently with his other sentence and to be followed by a five-year period of supervised release. (Id., Att. B.[6]) Womack is serving the latter sentence at this time.

2.   Petitioner came into BOP custody on July 21, 1995 and was originally designated to FCI Greenville, Illinois.[7] He has a projected release date of July 17, 2009. (Sankey Decl., ¶ 5 & Att. B.)[8]

3.   Petitioner apparently has a history of substance abuse. (See, e.g., Ennis Decl., Att. D.) He requested entry into the RDAP in 1996 but his request was denied. (D.E. 10 at 3.)

4.   Petitioner subsequently transferred to SCP Memphis, where he has remained since September 1, 2004. (Sankey Decl., Att. B.)[9]

5.   Petitioner had an initial Residential Treatment Eligibility Interview at SCP Memphis on May 11, 2006. (Ennis Decl., ¶ 13 & Att. D.)

---

[6]   An amended judgment in United States v. Womack, No. 3:94CR30114-002 (S.D. Ill.), was entered on July 19, 1996. Womack said he was originally sentenced to 246 months, but his sentence was reduced to 200 months for unspecified reasons. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed Apr. 11, 2006 (D.E. 1), at 2. The original judgment was entered on June 26, 1995. D.E. 8-4 at 7.

[7]   The source cited by Respondent does not appear to support this proposition, but Petitioner does not dispute it. See D.E. 10 at 2; see also Declaration of Alecia D. Sankey, dated May 25, 2006 ("Sankey Decl.," at D.E. 8-6), Att. B.) Petitioner further notes that "he was later transferred to FCI Pekin, Illinois, September 06, 1995, later to be transferred to FMC Lexington, Kentucky, for lesser security purposes." D.E. 10 at 2-3. Petitioner has not submitted any evidence to support his contention that the transfer to FMC Lexington, Kentucky was "for lesser security purposes," and Petitioner's various assignments within the BOP system appear to have no bearing on any substantive issue raised by this petition.

[8]   Respondent is reminded that each exhibit should be separately indexed as a unique attachment. Electronic Case Filing Attorney User Manual for the Western District of Tennessee, at 25-26 (Apr. 2006). Although counsel for respondent will not be required to resubmit D.E. 8 in this case, it is, as presented, difficult to navigate.

[9]   On September 29, 2006, Petitioner notified the Clerk that he had been transferred to the United States Penitentiary in Leavenworth, Kansas. In an earlier filing, Womack stated he had been accepted into the RDAP. (D.E. 14 at 2.)

6. Petitioner was informed that, upon being within thirty-six (36) months of his projected release date, he would meet the admission criteria for the residential drug abuse program, but that he would be ineligible for early release. (Id., ¶ 14 & Atts. F & H.)[10]

7. Petitioner's provisional ineligibility for early release stems from a two-point sentencing enhancement, pursuant to ¶ 2D1.1(b)(1) of the United States Sentencing Guidelines, that was assessed in his drug conspiracy case, No. 3:94CE30114-002, because a dangerous weapon was possessed. (Id., ¶ 7.) Respondent contends Petitioner was also ineligible for early release because he had a current offense of being a felon in possession of a firearm. (Response to Order to Show Cause Why Writ of Habeas Corpus Should Not Be Granted, filed June 9, 2006 (D.E. 8-1), at 3.[11]

8. FCI/SCP Memphis do not have a Residential Drug Abuse Program. (Ennis Decl., ¶ 8.)

9. At the time the response to the petition was submitted, on June 9, 2006, Petitioner had been placed on an RDAP eligible waiting list. At some point in the future, barring a change in circumstances, he was expected to be transferred to a facility that does have a Residential Drug Abuse Program. (Id.; see also id., ¶¶ 9-10.)

10. At the time the response to the petition was submitted, on June 9, 2006, Petitioner had not yet entered the RDAP program, nor had he successfully completed the program. (Id., ¶ 8.)

---

[10] Petitioner's objection appears to be based on the fact that he did not have a conversation with Dr. Ennis, the Drug Abuse Program ("DAP") Coordinator at FCI and SCP in Memphis. (See D.E. 10 at 6.) The Court has revised the factual finding to omit the implication that Dr. Ennis had a personal conversation with Petitioner. The remainder of Petitioner's objection appears to be immaterial. Dr. Ennis caused to be delivered to Petitioner a document, bearing his signature, informing Petitioner that he was eligible for the RDAP but ineligible for early release.

[11] It is not clear what Respondent is quoting in the text of the Response, as ¶ 14 of the Ennis Declaration does not address the § 922(g) conviction. As will be discussed infra, however, it is BOP policy that persons convicted of violating § 922(g) are ineligible for early release upon completion of the RDAP.

11. On March 2, 2006, Petitioner filed a formal Request for Administrative Remedy at FCI/SCP Memphis concerning his request to be redesignated to an institution with an RDAP program. (Sankey Decl., ¶ 6 & Att. C.) It was denied on March 28, 2006. (Id.)

12. On April 11, 2006, Petitioner appealed his Administrative Remedy denial to the Mid-Atlantic Regional Office. At the time the response to the petition was submitted, on June 9, 2006, a decision was pending. (Id., ¶ 7 & Att. C.)

13. On April 11, 2006, Petitioner also filed the instant petition.

"Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes." Lopez v. Davis, 531 U.S. 230, 233 (2001).

In 1990, Congress amended the statute to provide that "[t]he Bureau shall . . . make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Pub.L. 101-647, § 2903, 101 Stat. 4913.[12] Four years later, Congress amended § 3621, this time to provide incentives for prisoner participation in BOP drug treatment programs. The incentive provision at issue reads: "The period a prisoner is convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." Pub.L. 103-322, § 32001, 108 Stat. 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)).

Id.

The parties have submitted extensive material on the regulations and BOP Policy Statements promulgated to implement the RDAP program and to determine eligibility for a sentence reduction.

---

[12]     This provision is currently codified at 18 U.S.C. § 3621(b).

The validity of these regulations and Policy Statements have been challenged on various grounds and, in response, new regulations were issued. It is unnecessary to address these matters at length, however, given the unique procedural status of this petition.

Womack first contends that he should be admitted to the RDAP, notwithstanding BOP policy that an inmate must be within thirty-six (36) months of release to qualify for consideration. He further contends, on the basis of <u>Wade v. Daniels</u>, 373 F. Supp.2d 1201, 1202 (D. Or. 2005), that he should have been considered for the RDAP when he first applied in 1996.[13] As Petitioner is currently enrolled in the RDAP, this aspect of his petition is DENIED as moot.

Next, Womack seeks a declaration that he is entitled to a reduction in his sentence upon successful completion of the RDAP. To obtain federal habeas review of the execution of a federal sentence, a prisoner must first exhaust his administrative remedies through the BOP. <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38 (6th Cir. 1992); <u>see also</u> <u>Davis v. Keohane</u>, 835 F.2d 1147 (6th

---

[13]    As Respondent has pointed out, Womack would have been ineligible for the RDAP in 1996, when he first applied, because of the length of time remaining on his sentences. (D.E. 12-1 at 2-3.) Specifically, in 1996, 28 C.F.R. § 550.56(a)(4) provided, in pertinent part, as follows:

   (a)    Eligibility. An inmate must meet all of the following criteria
          to be eligible for the residential drug abuse treatment
          program.

          . . . .

          (4)    Ordinarily, the inmate must be within thirty-six months
          of release.

Cir. 1987)(requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981) (same). This requirement is applicable to issues concerning the operation of the drug abuse treatment programs. 28 C.F.R. § 550.60.

Pursuant to the BOP's administrative remedy program, 28 C.F.R. §§ 542.10-542.19, the warden has the initial responsibility for responding to grievances, <u>id.</u>, § 542.11(a). An inmate who is not satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." <u>Id.</u> § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." <u>Id.</u> § 542.18.

In this case, Respondent contends as follows:

> The Petitioner has failed to exhaust his administrative remedies. . . . He has filed two administrative remedy requests related to the RDAP program, one at the institutional level and a regional office appeal. . . . At this time, he has not yet filed an appeal with the BOP Central Office, the final step in exhausting his administrative remedies on this matter.

D.E. 8-1 at 13 (record citations omitted); <u>see also</u> Sankey Decl., ¶¶ 6-7 & Att. C; D.E. 1 at 11-14. Moreover, Petitioner's formal inmate grievance concerns only the validity of the thirty-six (36)

8

month rule, D.E. 1 at 13, 14, and does not raise any issue about the inmate's eligibility for a sentence reduction.[14]

Because Womack is not entitled to relief under 28 U.S.C. § 2241, the petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[15] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it

---

[14]    Womack's lengthy response to this point is confusing. (See D.E. 10 at 12-21.) He complains that the response to the BOP Regional Director was originally due on May 11, 2006 but that the time for response was extended until June 10, 2006. (Id. at 17.) Petitioner characterizes the timing of this extension as a conspiracy to deprive him of the opportunity to litigate this habeas petition. (Id. at 17-18.) He does not explain, however, why he was unable to wait until the completion of the administrative review process, particularly in light of the fact that he seemingly has waited almost ten years to complain about the failure to consider him for the RDAP program in 1996.

[15]    Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

is unclear how habeas petitioners establish a right to proceed <u>in forma pauperis</u> and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951-52 (6th Cir. 1997); <u>cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. <u>See</u> <u>McIntosh</u>, 115 F.3d at 810; <u>United States v. Simmonds</u>, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. <u>Graham v. United States Parole Comm'n</u>, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), <u>aff'g</u> <u>Graham v. United States</u>, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of <u>McIntosh</u> persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in <u>Kincade</u>, the Court concludes that the PLRA does not apply to § 2241 petitions. <u>Cf.</u> <u>Greene v. Tennessee Dep't of Corrections</u>, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. <u>Kincade</u>, 117 F.3d at 951. Rather, to appeal <u>in forma pauperis</u> in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court dismissed the petition, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 26th day of December, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE